United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LYDIA JONES, et al.,

Plaintiffs,

v.

CITY OF SANTA ROSA, et al.,

Defendants.

Case No. 26-cv-01230-KAW

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

Re: Dkt. No. 21

Plaintiffs Lydia Jones, Isaiah Harris, and Shea Fleming filed this case against Defendants City of Santa Rosa, Westin Schindler, and Dane Schindler, alleging constitutional violations. (*See* First Amended Compl. ("FAC"), Dkt. No. 19.) Pending before the Court is Defendants' motion to dismiss. (Defs.' Mot. to Dismiss, Dkt. No. 21.)

The Court previously deemed this matter suitable for disposition without a hearing and vacated the hearing. (Dkt. No. 39.) Having considered the parties' filings and the relevant legal authority, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss.

## I. BACKGROUND

Plaintiffs allege that on January 17, 2024, Plaintiffs Jones and Harris were driving with a valid sixty-day Temporary Operating Permit affixed to the front windshield in a plainly visible manner. (FAC ¶ 10.) Defendant Officers then initiated a traffic stop based on an expired registration. (FAC ¶ 11.) Plaintiff Harris informed Defendant W. Schindler that the vehicle had just received the Temporary Operating Permit, and Defendant D. Schindler moved toward the front of the vehicle and looked at the windshield where the Temporary Operating Permit was affixed. (FAC ¶ 12.)

Plaintiffs allege, however, that Defendants nevertheless proceeded with the stop. (FAC ¶

13.) Defendant W. Schindler removed Plaintiff Harris from the vehicle based on an out-of-county misdemeanor warrant and searched him. (FAC ¶ 14.) Defendant W. Schindler then removed Plaintiff Jones before conducting a search of the vehicle and Plaintiff Jones's personal effects. (FAC ¶¶ 14-15.) Defendant Officers seized Plaintiff Harris's and Plaintiff Jones's cell phones, which have never been returned. (FAC ¶¶ 16, 18.)

During the search, Defendant Officers located several firearms. (FAC ¶ 22.) Defendant Officers then discussed going to Plaintiff Harris's residence to search for more guns. (FAC ¶¶ 22-23.) Defendant D. Schindler transported Plaintiffs Harris and Jones to county jail, where he directed jail personnel not to allow them to make telephone calls. (FAC ¶¶ 24, 26.) In the meantime, Defendant W. Schindler was supposed to be securing a warrant to search Plaintiff Harris's residence; Plaintiffs allege that Defendant Officers knew that the house belonged to Plaintiff Harris's parents and that Plaintiff Shea Fleming, a disabled resident of the house, was there alone. (FAC ¶¶ 24-25.)

That same night, after 10:00 p.m., multiple officers arrived at Plaintiff Harris's residence with firearms drawn. (FAC ¶ 29.) The officers banged on the door, shouted to announce themselves, and woke Plaintiff Fleming, who answered the door wearing only a thin nightgown. (FAC ¶ 30.) The officers ordered Plaintiff Fleming out of the house and left her in the cold. (FAC ¶ 31.) After Plaintiff Fleming was allowed back into the home, the officers restricted her movement, including having a female officer watch her while she used the toilet. (FAC ¶¶ 33-34.) Defendant W. Schindler refused to show Plaintiff Fleming a warrant. (FAC ¶ 35.) The officers ultimately searched beyond Plaintiff Harris's room, including searching Plaintiff Fleming's bedroom. (FAC ¶ 39.)

At an unknown point, criminal charges related to these events were filed against Plaintiffs Harris and Jones. Plaintiffs allege that on August 21, 2024, defense counsel and the prosecutor stipulated that no warrant existed in the case. (FAC ¶ 43.) On September 11, 2024, the criminal charges against Plaintiff Harris were dismissed. (FAC ¶ 44.) On October 21, 2024, the criminal charges against Plaintiff Jones were dismissed. (FAC ¶ 44.)

On February 9, 2026, Plaintiffs filed the instant case. (Dkt. No. 1.) On April 16, 2026,

Plaintiffs filed the operative complaint, bringing claims under 42 U.S.C. § 1983 for violation of the Fourth Amendment, as well as *Monell* liability. Therein, Plaintiffs stated that they had attempted to file the case on January 17, 2026, but that the Clerk's Office had identified procedural deficiencies. (FAC ¶ 57.) On April 30, 2026, Defendants filed the instant motion to dismiss, including on statute of limitations grounds. (*See* Defs.' Mot. to Dismiss at 5-6.) On May 14, 2026, Plaintiffs filed an opposition. (Pls.' Opp'n, Dkt. No. 31.) On May 21, 2026, Defendants filed a reply. (Defs.' Reply, Dkt. No. 33.)

On May 27, 2026, the Court requested supplemental briefing regarding the statutes of limitations issues. (Supp. Br. Order, Dkt. No. 34.) First, the Court requested briefing as to whether the criminal charges against Plaintiffs Harris and Jones tolled the statute of limitations as to their claims. (*Id.* at 1.) Second, the Court requested further information on the procedural deficiencies identified by the Clerk's Office, including requiring a signed declaration. (*Id.* at 2.)

On June 10, 2026, Defendants filed the supplemental brief and Plaintiff Jones filed the required declaration. (Defs.' Supp. Br., Dkt. No. 36; Jones Decl., Dkt. No. 37.) On June 11, 2026, Plaintiffs late-filed the supplemental brief. (Pls.' Supp. Br., Dkt. No. 38.)

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

In considering such a motion, a court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss the case or a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro*, 250 F.3d at 732) (internal quotation marks omitted).

A claim is plausible on its face when a plaintiff "pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

"Threadbare recitals of the elements of a cause of action" and "conclusory statements" are inadequate. *Iqbal*, 556 U.S. at 678; *see also Epstein v. Wash. Energy Co*., 83 F.3d 1136, 1140 (9th Cir. 1996) ("[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim."). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully . . . When a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557) (internal citations omitted).

Generally, if the court grants a motion to dismiss, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citations omitted).

## III. DISCUSSION

### A. Statute of Limitations

Defendants argue that Plaintiffs' § 1983 claims should be dismissed because the case was filed after the statute of limitations expired. (Defs.' Mot. to Dismiss at 5.) "The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose." *Alameda Books, Inc. v. City of L.A.*, 631 F.3d 1031, 1041 (9th Cir. 2011). California's statute of limitations for personal injury claims is two years. Cal. Code Civ. Proc. § 335.1.

Here, the actions occurred on January 17-18, 2024. Thus, the last day to file was January 20, 2026, as January 17, 2026 was a Saturday, January 18, 2026 was a Sunday, and January 19, 2026 was a legal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C) ("if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday,

Sunday, or legal holiday").

Plaintiff Jones has filed a sworn declaration under penalty of perjury, stating that on January 17, 2026, Plaintiffs attempted to submit the case for filing by FedExing the complaint, civil cover sheet, and summons. (Jones Decl. ¶¶ 3, 6.) Per FedEx's tracking confirmation, the documents were received by the Clerk's Office on January 20, 2026. (Jones Decl. ¶ 5, Exh. 2.) On January 27, 2026, Plaintiff Jones went to the Clerk's Office but was informed that the case had not been filed due to an incorrect cover sheet, the complaint not being prepared on pleading paper, incorrectly prepared summons, and the lack of IFP applications. (Jones Decl. ¶¶ 8-10.)

The Court finds that based on these affirmations, Plaintiffs timely filed this case. Per Federal Rule of Civil Procedure 3, "[a] civil action is commenced by filing a complaint with the court." Moreover, "as with other pleadings and papers, a complaint is filed by delivering it to the clerk." *Escobedo v. Applebees*, 787 F.3d 1226, 1233 (9th Cir. 2015). Thus, the Ninth Circuit has concluded that "the filing date of a complaint is the date **it is delivered** to the clerk, whether it is submitted with or without an IFP application." *Id.* at 1228 (emphasis added); *Loya v. Desert Sands Unified Sch. Dist.*, 721 F.2d 279, 281 (9th Cir. 1983) ("for purposes of the statute of limitations the district court should regard as 'filed' a complaint which arrives in the custody of the clerk within the statutory period but fails to conform with formal requirements in local rules"); *see also Cintron v. Union P. R. Co.*, 813 F.2d 917, 920-21 (9th Cir. 1987) (explaining that "papers and pleadings including the original complaint are considered filed when they are placed in the possession of the clerk of the court" and concluding that the case should not have dismissed as untimely where the clerk of the court timely received the case but rejected it as not including a civil cover sheet and the full filing fee).

Defendants neither dispute the facts stated in Plaintiff Jones's declaration nor provide any legal authority or argument contrary to the above.[1] Accordingly, the Court finds that because Plaintiffs' initial complaint was received by the Clerk of the Court on the last day to file the case,

[1] Per the Court's supplemental briefing order, Defendants had until June 17, 2026 to "file a response to Plaintiffs' declaration, including whether the procedural deficiencies identified by Plaintiffs are such that Plaintiffs' attempted filing of this action on January 17, 2026 should be deemed timely[.]" (Supp. Br. Order at 2.) Defendants did not file a brief on this issue.

the case is timely filed and dismissal on statute of limitations grounds is not warranted.

**B. First Claim: Fourth Amendment Unreasonable Stop and Seizure**

Plaintiffs' first claim concerns the traffic stop. (FAC ¶ 60.) Defendants seek dismissal of the claim as to Plaintiff Fleming because Plaintiff Fleming was not in the vehicle. (Defs.' Mot. to Dismiss at 6.) Plaintiffs do not dispute that Plaintiff Fleming was not in the vehicle. (Pls.' Opp'n at 4-5.) Rather, Plaintiffs appear to believe that Defendants are seeking dismissal of the claim in its entirety. (*See id.*)

Accordingly, the Court DISMISSES the first claim without leave to amend as to Plaintiff Fleming only. The first claim as to Plaintiffs Jones and Harris may proceed.

**C. Second Claim: Fourth Amendment Unreasonable Search and Seizure**

Plaintiffs' second claim likewise concerns the warrantless search of Plaintiffs' vehicle and seizure of cell phones. (FAC ¶ 64.) Again, this claim is limited to the vehicle stop, and Defendants thus seek dismissal of the claim as to Plaintiff Fleming. (Defs.' Mot. to Dismiss at 6.) Accordingly, the Court DISMISSES the second claim without leave to amend as to Plaintiff Fleming only. The second claim as to Plaintiffs Jones and Harris may proceed.

**D. Third Claim: Fourth Amendment Warrantless Home Entry and Search**

Plaintiffs' third claim concerns the allegedly warrantless search of the home. (FAC ¶ 69.) Defendants seek dismissal of the claim as to Plaintiffs Jones and Harris on the ground that they had no expectation of privacy in the residence. (Defs.' Mot. to Dismiss at 7.) The Court disagrees as to Plaintiff Harris. Rather, a fair reading of the operative complaint is that Plaintiff Harris resided at the residence. (*See* FAC ¶¶ 22 (alleging that Defendant D. Schindler "discussed going to the residence associated with Plaintiff Isaiah Harris because he believed there might be additional guns there"), 39 (alleging that the search went "beyond [Plaintiff] Harris's room").)

As to Plaintiff Jones, the complaint includes no allegations suggesting that Plaintiff Jones also resided at the residence. In the opposition, Plaintiffs allege that Plaintiff Jones did live at the residence, and that her bedroom was searched. (Pls.' Opp'n at 5.) Because these facts are not in the complaint, the Court DISMISSES the third claim with leave to amend as to Plaintiff Jones only. The third claim as to Plaintiffs Harris and Fleming can proceed. Plaintiffs may amend this

claim to show that Plaintiff Jones has standing to bring this claim.

### E. Fourth Claim: *Monell* Liability

Finally, Plaintiffs bring a *Monell* claim against Defendant City of Santa Rosa. A municipality or governmental entity cannot be found liable under 42 U.S.C. § 1983 on a theory of respondeat superior. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691 (1978). Rather, in order to hold a municipality liable for a municipal employee's conduct under *Monell*, a plaintiff must show that (1) that the plaintiff "possessed a constitutional right of which [he or she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and, (4) that the policy is the moving force behind the constitutional violation." *Plumeau v. Sch. Dist. No. 40 Cty. of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (internal quotation marks omitted). "Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989).

Defendants argue that Plaintiffs' allegations are too vague and conclusory. (Defs.' Mot. to Dismiss at 8.) The Court disagrees with respect to Defendants' alleged custom or practice of stopping first and verifying later in registration-based encounters. Here, Plaintiff has adequately identified a policy and custom, namely that the police department "maintain[s] an operational custom or practice of stopping first and verifying later in registration-based encounters, even where temporary authorization may be present." (FAC ¶ 48.) This policy is supported by Defendant W. Schindler's testimony, in which he stated under oath that officers who do not have time to run registration information in their patrol cars "instead stop a vehicle first and determine afterward whether the registration is actually expired or whether the ta[g]s are simply bad." (FAC ¶ 47.) This suggests a custom and/or practice that extends beyond the instant case. Plaintiffs further allege that by acting in conformity with this custom and/or practice, Defendants here conducted and continued the stop despite the visible Temporary Operating Permit, resulting in the constitutional violations. (FAC ¶ 53.) This is sufficient at the pleading stage, and Defendants provide no specific argument for why these allegations are insufficient. *See Casey v. City of Santa*

United States District Court
Northern District of California

*Rosa*, No. 4:18-cv-7731-KAW, 2019 U.S. Dist. LEXIS 156183, at *8 (N.D. Cal. Sep. 12, 2019) (finding adequate allegations of a *Monell* claim where the plaintiff alleged that the county was trained to use chokeholds).

With respect to other "policies" identified by Plaintiffs, however, Plaintiffs fail to allege facts demonstrating that such policies or customs exist. Such policies include tolerating selective camera activation, not preserving all evidence, allowing warrantless seizures of digital devices and residences, and/or ratifying unconstitutional conduct through incomplete investigations. (*See* FAC ¶ 51.) Generally, "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma v. Tuttle*, 471 U.S. 808, 823–24 (1985). Plaintiffs provide no factual allegations that these actions occurred beyond this one time, and thus Plaintiffs fail to plead a *Monell* claim based on these policies and customs.

Accordingly, the Court finds that Plaintiffs have adequately pled a *Monell* violation, but only as to the alleged policy of stopping first and verifying later in registration-based encounters.

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS IN PART and DENIES IN PART Defendants' motion to dismiss. The Court DISMISSES the first and second claims without leave to amend as to Plaintiff Fleming only; these claims as to Plaintiffs Jones and Harris may proceed. The Court DISMISSES the third claim with leave to amend as to Plaintiff Jones only; the claim as to Plaintiffs Harris and Fleming may proceed. Plaintiffs may amend the complaint to allege facts showing that Plaintiff Jones also resided at the residence that was searched.

Plaintiffs may file an amended complaint within **21 days** of the date of this order.

IT IS SO ORDERED.

Dated: July 17, 2026

KANDIS A. WESTMORE
United States Magistrate Judge